### WALKER et al. v. BOWE. (No. 6447.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1920.)

Boundaries ⬤⟲37(5)—Evidence held to show a line fixed by agreement.

Where testimony of defendant, who claimed to have inclosed his land by a fence on line claimed to have been definitely fixed as the boundary line by agreement between defendant and plaintiff's predecessor, showed as a whole that he claimed all the land within his inclosure, but that having been pointed out as that described in his deed, he believed it was actually conveyed by such deed, his testimony on cross-examination that he claimed title under his deed, and that he did not claim any more land than was described therein, considered with testimony of a surveyor that some of land inclosed was not so described, did not affect the correctness of findings in defendant's favor on sufficient evidence.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by M. E. Walker, individually and as next friend of Ruth Walker, and another against M. J. Bowe. Judgment for defendant, and plaintiffs appeal. Affirmed.

Glasscock, McDaniel & Bounds, of McAllen, for appellants.

H. F. Bishop, of Mission, for appellee.

MOURSUND, J. This suit was instituted by Mrs. M. E. Walker for herself and as next friend of her children, Ruth and Vivian, against M. J. Bowe, to recover the 17.71 acres of the south 37.71 acres, more or less (including the parts thereof underlying and embraced in roadways and canal rights of way, easements of which are hereby expressly reserved), known as the north 17.71 acres of the south 37.71 acres of lot 140 of the sub-division of lands in porciones 61, 62, and 63 in Hidalgo county, Tex., as made by the La Lomita Irrigation & Construction Company, according to the map of said subdivision filed on January 7, 1913, in the office of county clerk of said county of Hidalgo, Tex., and of record on page 67 of Book 24 of the Deed Records of said county.

The petition disclosed that plaintiffs' contention is that the defendant had in his inclosure a strip of land off of the north side of the above-described tract, 55 feet wide and 1,320 feet long, and it was alleged that defendant claimed that said strip was a part of a tract conveyed to him by the Rio Grande Valley Development Company, from which company it was alleged the plaintiffs deraigned title to the land sued for by them.

The defendant answered by a general demurrer and plea of not guilty, and pleaded specially that at the time the Rio Grande Development Company executed and delivered to defendant its correction deed dated November 20, 1914, there existed a controversy between the defendant and the said Rio Grande Development Company as to what and where the boundary line between the 17.73-acre tract and the remainder of lot 140 would be, and the defendant refused to accept the deed or pay the remainder of the purchase price until the boundary line should be determined; that thereupon in settlement of the matter said company had the line surveyed out and established, and defendant accepted said line, and accepted the deed and paid over the remainder of the purchase money withheld pending such controversy; that defendant took possession of such land and constructed his fence on the line thus surveyed out and established; that said transaction constituted an agreement, and definitely fixed the line where it is now marked by the fence; that said company was bound by the agreement thus entered into, and the plaintiffs, as subsequent purchasers from said company, with full notice of the boundary line so established by the standing fence and the plaintiffs' possession, are also bound in like manner, and cannot now disturb plaintiffs' possession.

The defendants further answered, pleading the entire history of the dealings leading up to the execution of the deed of correction, and alleging that certain releases executed by J. W. Hoit and the San Antonio Loan & Trust Company to said Rio Grande Development Company, one covering 15.04 acres of the north part of lot 140 and the other 3½ acres additional thereto, taken out of the north 20 acres of the south 40 acres, were obtained for the purposes of confirming the defendant with a good title to the land he was to get under the agreement culminating in the deed of correction. The contention sought to be made by this plea is not apparent to us from

the plea, but in the brief of appellee it is contended that the deed of correction should be construed in connection with said releases.

The plaintiffs by supplemental petition denied the allegations of the answer.

The trial, without a jury, resulted in a judgment for defendant, in which the court recited the following findings:.

"That the land sought to be recovered in the plaintiffs' petition is without the boundary line of the plaintiffs' land and within the boundary line of the defendant's land, and that said boundary line is established and fixed, as set out and agreed in the defendant's first amended original answer and plea was a matter in controversy and dispute between the defendant and the Rio Grande Valley Development Company in the month of December, A. D. 1914, at which time the said Rio Grande Valley Development Company had sold or was selling to the defendant, among other lands, the north part of lot No. 140, and that the said Rio Grande Valley Development Company was the then owner of all of lot No. 140, which included the parts now contended for by the plaintiffs. That at the time, the Rio Grande Valley Development Company, in settlement of the controversy as to what would be the line between the land they were then selling the defendant, Bowe, and the remaining unsold land which they still owned, surveyed ·out and established the present and existing boundary line which is now represented by the defendant Bowe's posts and wire fence dividing the Bowe land from the Walker land, and that the said Rio Grande Valley Development Company presented such line to the defendant as the fixed and correct line for the south line of the Bowe lands in lot No. 140, and that Bowe, in consideration of the settlement, paid over to the said Rio Grande Valley Development Company the remainder of the purchase price of the land which he was withholding at the time, and accepted the boundary line as presented to him, and took possession of the land to the north of said line, and built his south boundary line fence upon the line so established and agreed upon, and that such boundary line so established constituted a permanent and fixed boundary line, and that both the Rio Grande Valley Development Company and the defendant, by reason of the premises, are estopped from disturbing or contesting the said location of the boundary line as established at that time, and that the plaintiffs herein, being subsequent vendees of the Rio Grande Valley Development Company, having purchased and taken possession of their said tract of land after the settlement of the boundary line controversy and the fixing of the line and the building of the fence, are in a like manner as the Rio Grande Development Company bound by the settlement, and are estopped from prosecuting an action to change the boundary."

The appellants present one assignment of error, submitted as a proposition, which discloses no contention except that the plaintiffs, by the undisputed evidence, showed themselves entitled to a judgment. This method of presenting a question of fact has been often condemned as insufficient to require consideration. It seems from the statement and argument that the contention is that as the surveyor, Card, testified that defendant's fence, in addition to the land described in his deed, inclosed the strip sued for, and as defendant in one part of his testimony stated that he claimed title under his deed, and that he did not claim any more land than that, the court should have decided in favor of plaintiffs. Appellants do not undertake to question the sufficiency of the evidence to sustain the findings made in the judgment concerning the agreed line, but rely upon the above-mentioned statements elicited from appellee upon cross-examination. His testimony as a whole showed that he claimed all the land within his inclosure, but that, having been pointed out as that described in his deed, he believed it was actually conveyed by such deed. We see no reason for questioning the correctness of the findings of the trial court, and conclude that the judgment should be affirmed.